## Zimmerman and Herdic, Endorsees, *versus* Anderson.

1. A note was payable to order "with interest, waiving the right of appeal and all valuation, appraisement, stay and exemption laws." *Held* to be negotiable.

2. Overton *v.* Tyler, 3 Barr 346, distinguished.

January 24th 1871. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Union county*: No. 120, to July Term 1870.

This was an action of assumpsit, brought March 13th 1869, by Frederick Zimmerman and Frank L. Herdic, endorsees of E. Lowe, against Moses Anderson.

The cause of action was the following note:—

"$125.00. ",Township of Buffalo, March 25th 1868.

" Six months after date I promise to pay E. W. Lowe or order, one hundred and twenty-five dollars for value received, with interest, waiving the right of appeal and of all valuation, appraisement, stay and exemption laws.

"MOSES ANDERSON.

"Endorsed 'E. W. LOWE.'"

The defendant filed an affidavit of defence, setting out a failure of the consideration of the note.

On the trial, May 18th 1870, before Woods, P. J., the plaintiffs offered the note in evidence; it was objected to as not being negotiable, rejected by the court and a bill of exceptions sealed. The court charged:—

[Zimmerman *v.* Anderson.]

" The note offered in evidence not being negotiable has been rejected, and consequently there is no evidence to sustain the action, and you will have to find for defendant."

The verdict was for the defendant.

On the removal of the record to the Supreme Court, the plaintiff assigned the rejection of the offer of evidence and the charge of the court for error.

*G. F. Miller* (with whom was *J. W. Maynard*), for plaintiffs in error.—If a note is payable in money and to order or bearer, it is negotiable: Gray *v.* Donahoe, 4 Watts 400; McCormick *v.* Trotter, 10 S. & R. 94; Act of April 5th 1849, § 11, Pamph. L. 427, Purd. 111, pl. 6; Osborn *v.* Hawley, 11 Ohio R. 130.

*J. C. Bucher* and *J. M. Linn*, for defendant in error.—They referred to McCullough *v.* Houston, 1 Dall. 444; Lewis *v.* Reeder, 9 S. & R. 197; Camp *v.* Walker, 5 Watts 482; Bullock *v.* Wilcox, 7 Id. 328; Hughes *v.* Large, 2 Barr 104; 3 Kent's Com. 72, 76, 89; Judah *v.* Harris, 19 Johns. R. 144; Overton *v.* Tyler, 3 Barr 346; Story on Promissory Notes, § 1.

The opinion of the court was delivered, February 9th 1871, by

READ, J.—The paper in this case comes within all the definitions of the best text-writers of a promissory note, for it is a written promise by the defendant to pay to E. W. Lowe or order one hundred and twenty-five dollars, six months after date, for value received with interest, absolutely and at all events. But it is urged that the words "waiving the right of appeal, and of all valuation, appraisements, stay and exemption laws," destroy its negotiability. In what way? They do not contain any condition or contingency, but after the note falls due and is unpaid, and the maker is sued, facilitate the collection by waiving certain rights which he might exercise to delay or impede it. Instead of clogging its negotiability it adds to it, and gives additional value to the note.

In Fancourt *v.* Thorne, 9 Ad. & E., N. S. (58 E. C. L. R.) 312, a note in the following form was held to be a promissory note:—
"London, 16th September 1833. On demand, I promise to pay William Thomas Hodsell or order, the sum of five hundred pounds, for value received, with interest at the rate of four per cent., and I have lodged with the said William Thomas Hodsell the counterpart leases signed by George Davis, John Jewell, William Hill and William Gould, for ground let by me to them respectively, as a collateral security for the said five hundred pounds and interest. WM. THORNE."

So a note payable by instalments is within the statute, although it contain a provision, that on failure of payment of one instal-

ment the whole debt is to become payable. Such a condition is not a contingency: Carlon v. Kenealy, 12 M. & W. 139.

The same doctrine is held by the Lords Justices in Re General Estates Co., ex parte City Bank, 3 Ch. Appeal Cases, Law Rep. 758.

In Hodges v. Shuler, 8 Smith (22 N. Y.) 114, an instrument was held a promissory note which had the following words in the body of it: "or upon the surrender of this note, together with the interest warrants, not due to the treasurer at any time until six months of its maturity; he shall issue to the holder thereof ten shares in the capital stock in said company in exchange therefor, in which case interest shall be paid to the date, to which a dividend of profits shall have been previously declared, the holder not being entitled to both interest and accruing profits during the said period." Judge Wright said, p. 118, "We are of the opinion that the instrument wants none of the essential requisites of a negotiable promissory note. It was an absolute and unconditional engagement to pay money on a day, and although an election was given to the promissees upon a surrender of the instrument six months before its maturity to exchange it for stock, this did not alter its character, or make the promise in the alternative in the sense in which that word is used respecting promises to pay. The engagement of the railroad company was to pay the sum of $1000 in four years from date, and its promise could only be fulfilled by the payment of the money at the day."

Mr. Parsons, in his Treatise on Bills and Notes, vol. 1, p. 147, says, "But if it leaves the payment as to all circumstances of time, amount and person, as certain or at least as obligatory as before, and only provides or declares, that certain security attaches to the note, or that certain rights go with it, or that the amount when paid is to be appropriated in a certain way, then it leaves the paper still negotiable." This doctrine is fully sustained by the cases cited in the note. In Osborn v. Hawley, 19 Ohio 130, it was held that a power of attorney to confess judgment attached to the note, and forming a part of the same instrument, did not destroy the negotiability of the note. The court said, that the power does not in any way change the legal character of the note, except that it gives a more summary proceeding for its collection.

These principles and cases clearly prove this to be a regular negotiable promissory note, but we are met by the case of Overton v. Tyler, in 3 Barr 346, decided by this court a quarter of a century ago, which is, however, plainly distinguishable from the one before us. In Overton v. Tyler, the payment was fixed for a day named specifically in the instrument, with a regular power of attorney to confess judgment, upon which a judgment was entered on the 10th March, and execution issued thereon on the 2d June one day after the money was payable, and the waivers which fol-

[Zimmerman *v.* Anderson.]

lowed all related to the judgment thus entered two months and twenty-one days before the paper fell due.

It is unnecessary to say how far this ruling is sustained by the authorities, for, if perfectly good and sound law, it does not touch the present case.

The court therefore erred in rejecting the note.

Judgment reversed, and a *venire facias de novo* awarded.