## HUGHITT *v.* JOHNSON.[1]

*(Circuit Court, E. D. Missouri.* September 30, 1886.)

1. PROMISSORY NOTES—NEGOTIABILITY—EXEMPTIONS.

A note is not rendered non-negotiable by the addition of the following stipulation, viz.: "We do hereby relinquish and waive the benefit of all laws exempting real and personal property from levy and sale."[2]

2. SAME—EXCHANGE.

A note is rendered non-negotiable by the incorporation therein of an agreement to pay the sum named, "with * * * exchange."[3]

In Equity.

*T. W. B. Crews,* for plaintiff.

*Dyer, Lee & Ellis,* for defendant.

BREWER, J., *(orally.)* The first question presented is whether a note in form negotiable is rendered non-negotiable by the addition, at its close, of this stipulation: "We do hereby relinquish and waive the benefit of all laws exempting real and personal property from levy and sale." In the absence of any statute of the state prescribing the effect of such a stipulation, it is merely a question of general commercial law, in which federal courts follow their own opinions, rather than necessarily the decisions of the state courts. That stipulation is one which does not affect the time or amount of payment, or place of payment, or the party by whom or to whom payment is to be made. In short, it in no manner affects any of the essential elements of a negotiable promissory note. It is a stipulation collateral entirely to all that goes to make up a negotiable note, and it is not the principal part of the contract. It is collateral and ancillary. It no more affects the note as a note than a collateral mortgage or trust deed given to secure its payment; and, though it is a part of the one instrument, yet, as the supreme court of this state and other courts have held, a note, and mortgage given at the same time to secure it, although written in two instruments, are parts of the same transaction, and are to be construed as though they constituted but one instrument. I have no hesitation in holding that this stipulation does not affect the question of negotiability. Of course, a distinction must be made between a case like this and an instrument which contains a contract for the sale of property, and a promise to pay therefor. In that the sale is the main feature, or at least an indispensable provision, and the promise to pay is only a subordinate, or at best a coordinate, part of the agreement; for here the note is the principal thing. The promise to pay is *the* contract, and this other is a mere collateral and supporting stipulation.

The other question, which affects two of the notes sued on, is whether a note otherwise negotiable is rendered non-negotiable by

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

[2] See note at end of case, part 1.     [3] See note at end of case, part 2.

this stipulation in it, viz., a promise to pay, "with interest and exchange." Now, this is a stipulation which affects the amount to be paid, and the amount to be paid at the maturity of the paper; and in that respect it differs from those stipulations for the payment of attorney's fees in case of collection. That is a distinction which should be borne in mind; for, if the amount to be paid at the maturity of the note is certain, then, although I know the supreme court of this state has held otherwise, the incorporation of a stipulation for the payment of a greater, though uncertain and contingent, amount in the future, does not, in my judgment, affect the negotiability of the paper. But this stipulation renders uncertain the amount to be paid at the maturity of the paper. It is interest and exchange, and what that exchange will be no one can tell.

It was suggested that upon this paper there could be no exchange, because the paper was payable at the place where it was made, and therefore that these words "and exchange" might be treated as surplusage. The paper is payable at the Montgomery County Bank, in Montgomery City, Missouri. It is not dated anywhere, unless this may be taken as the place of date: "On the fifteenth day of October, 1885, the subscriber, whose post-office address is in Florence, county of Montgomery, state of Missouri, promises to pay," etc. If that be considered the place at which the note was made, it is a different place from that at which the note is payable; and although from the map it does not appear that the two places are very far apart, yet it does not follow from that that there would be no exchange between them. Leavenworth, where I live, is only a short distance from Kansas City, but I am painfully aware of the fact that exchange is charged between the two places. In fact, there is no law determining the amount of exchange. It all rests upon the modesty of the banks. Even if it was made at Montgomery City, that would not affect the question, because, wherever the party may be at the time the note becomes due, he is bound to add to the amount of the note, and interest, the exchange to the place where the note is payable. Supposing he had removed to Texas, and an action were brought on this note there, the amount to be recovered would not be simply the principal and interest, but also the exchange from that place to Montgomery City, the place where the note was payable. So that, in any aspect of the question, here is a stipulation incorporated into the body of the note making uncertain the amount to be paid at the time of maturity; and that conflicts with a well-understood and essential element of negotiable promissory paper, viz., that the amount to be paid at the maturity shall be a sum certain.

It is admitted that there is a sufficient defense shown as to nonnegotiable notes, so the decree will be in favor of the complainant for the amount of the one note which contains no stipulation as to exchange, and in favor of the defendant for the two notes where exchange is called for.

NOTE.

PROMISSORY NOTES—NEGOTIABILITY. 1. An instrument containing a stipulation waiving the benefit of exemption laws is not, according to the law-merchant, a negotiable instrument, Cayuga Co. Nat. Bank v. Purdy, (Mich.) 22 N. W. Rep. 93; nor is one containing stipulations in regard to the title or right of possession of the property which constitutes its consideration, Id.; Johnston Harvester Co. v. Clark, (Minn.) 15 N. W. Rep. 253; Deering v. Thom, (Minn.) 12 N. W. Rep. 350; Stevens v. Johnson, (Minn.) 9 N. W. Rep. 677. But see, to the contrary, Merchants' Nat. Bank v. Chicago Ry. Equip. Co., 25 Fed. Rep. 809; Bank of Carroll v. Taylor, (Iowa,) 25 N. W. Rep. 810.

2. A note providing for a certain rate of interest, with a provision for a lower rate if paid when due, is negotiable, and, in legal effect, calls for interest at the lower rate only. Smith v. Crane, (Minn.) 22 N. W. Rep. 633. To the contrary, Story v. Lamb, (Mich.) 18 N. W. Rep. 218; S. C. 8 N. W. Rep. 87.

A provision for an attorney's fee to be paid in the event of suit being brought is void. Merchants' Nat. Bank v. Sevier, 14 Fed. Rep. 662, and note; Dow v. Updike, (Neb.) 7 N.W. Rep. 857. Such provisions were held valid in Adams v. Addington, 16 Fed. Rep. 90; Wilson S. M. Co. v. Moreno, 7 Fed. Rep. 806; Bank of British N. A. v. Ellis, 2 Fed. Rep. 44; but they destroy the negotiable character of the instrument, in Dakota, Garretson v. Purdy, 14 N. W. Rep. 102; in Minnesota, Hardin v. Olson, 14 Fed. Rep. 705; Johnston Harvester Co. v. Clark, 15 N. W. Rep. 252; Jones v. Radatz, 6 N. W. Rep. 800.