John H. Boyd, v. Western Union Telegraph Company, Appellant.

**Review on Appeal:** *Ruling on several grounds of motion.* A motion for a new trial was based on 13 separate grounds, and sustained by the court with the remark that, "Of the grounds alleged for a new trial, I consider none of serious importance except the one numbered 13". *Held,* that this statement was not sufficient to constitute an overruling of the motion on the other ground, and hence that case was not brought within the rule that, where a motion is sustained on some of its grounds, and expressly overruled as to others, consideration on appeal will be limited to the order sustaining it, on the ground on which it was sustained.

*Argument.* Where only one of several grounds upon which a motion for new trial is based is argued by appellant on an appeal from an order sustaining the motion, the court will not pass on the propriety of the order appealed from.

Weaver, J. took no part.

*Appeal from Story District Court.*—Hon. S. M. Weaver, Judge.

Tuesday, May 27, 1902.

Action to recover damages for failure to deliver a telegraph message. There was a trial to a jury, and a verdict for the defendant, which was set aside on the plaintiff's motion. The defendant appeals from the order.—*Affirmed.*

*Cummins, Hewitt & Wright* and *Carroll Wright* for appellant.

*Dyer & Stephens* and *George W. Dyer* for appellee.

Sherwin, J.—The motion for a new trial was based on 13 distinct and separate grounds. It was sustained generally in this language: "In view of all the circumstances,

therefore, it is ordered that the motion to set aside the verdict of the jury is sustained, and a new trial ordered.".

In its presentation of the case to us there is practically no argument on the part of the apellant except as to the thirteenth ground of the motion, and this because it is claimed that the trial court in effect overruled all other grounds in the motion by the following statement: "Of the several grounds alleged for a new trial, I consider none of serious importance except the one numbered 13 in said motion." We have held that, where a motion is sustained on some of the grounds and expressly overruled as to others, we can only consider the grounds upon which it was sustained, there being no appeal on the other side. *Loomis v. News Co.*, 110 Iowa, 515; *Collins v. Brazill*, 63 Iowa, 432. But this is not such a case, and we are not disposed to extend the rule announced in those cases so that it shall be left a question of the construction of language or intent on the part of the trial court in announcing the reasons for its action, and, unless the motion is expressly overruled in part, we must treat it as before us as a whole, and if therefrom it appears that the order of the court was properly made we will not disturb it. No other rule can safely be adopted, for, if there is no express ruling against him, a party cannot appeal, and hence he is entitled to a review of the entire motion unless a part thereof is expressly overruled. *Kauffman v. Maier*, 94 Cal. 269 (29 Pac. Rep. 481, 18 L. R. A. 124); *Holman v. Bridge Co.*, 110 Iowa, 485. This being true, we are not required to determine whether a new trial was properly granted in this case, because, as we have heretofore said, only one of the grounds of the motion is argued by the appellant.

The order of the trial court is AFFIRMED.

WEAVER, J. took no part.