# First National Bank of Lineville *v.* Alexander.

### *Assumpsit.*

(Decided Nov. 14, 1907. 44 So. Rep. 866.)

1. *Corporations; Contract; Ultra Vires; Enforcement.*—An executory contract which is ultra vires or which was made by an officer without authority to make it, may be defended against by a corporation as such; but if the contract has become executed and the corporation has received benefits thereunder, it cannot retain the benefit and defend on the ground that the contract was ultra vires or beyond the authority of the officer.

2. *Bills and Notes; Endorsement; Rights of Endorsee; Payment in Work.*—A bank not being bound to accept payment of a non-negotiable note in anything but money, an agreement between the maker and the payee of the note that the same may be paid in work is not binding on the bank to which the note is endorsed and which has received no benefit from the work.

3. *Same; Agreement as to Payment.*—So long as the contract is executory an agreement that it may be discharged in work is not binding.

4. *Banks and Banking; National Banks; Officers; Authority.*—An officer of a national bank has no authority to agree to receive anything except money in payment of a non-negotiable note endorsed to it.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by the First National Bank of Lineville against T. E. Alexander. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint counted for recovery upon a non-negotiable promissory note executed by Alexander to one J. M. Minnis in the sum of $313.55, and by Minnis before maturity transferred to plaintiff. The case was tried upon issue joined upon the general issue, payment, and special plea No. 6, which is as follows: "(6) For further plea defendant says that plaintiff knew that the said note was to be paid in work, and after the execution

and transfer of note to him agreed that the same should be paid in work, and after plaintiff acquired the same from J. M. Minnis on the following terms: That all of the work and labor that the defendant did on the B. & L. R. R. grade was to be credited on said note, except enough to feed the mules, and that he was never to pay any money for them. And defendant avers that he paid to plaintiff by work on said grade all that was due on the said note prior to the commencement of this suit, and that the cashier of said bank, R. L. Ivey, when on the grade, informed him that he had paid off the note and that he would give the note to defendant. And de-- fendant says that after this he was paid all his money he earned by labor on said grade; that cashier promised to bring the note to defendant on the grade, but he never came again." Demurrers were interposed to this plea as follows: "(1) It is not averred that Ivey, as cashier, had authority to make agreement as set forth in said plea. (2) Said agreement is an ultra vires act on the part of Ivey as cashier of the bank, in that he was without authority to bind the bank by a contract for work and labor to be performed in grading a railroad." Other demurrers raised similar propositions. These demurrers were overruled, and on final hearing there was judgment for defendant.

WALTER S. SMITH, for appellant. The court erred in overruling plaintiff's demurrer to special plea No. 6.—21 A. & E. Ency. of Law, 352-372; sec. 5136, subd. 7, Rev. St. of U. S.; *Met. Stock Exchange v. Lyndonville Nat. Bank,* 57 Atl. 101; 167 U. S. 362; 174 U. S. 364; 165 Mass. 120; 63 Ark. 418; *Chewacla Lime Works v. Dismukes,* 87 Ala. 344. A corporation is not estopped from setting up the invalidity of a contract that is ultra vires

[First National Bank of Lineville v. Alexander.]

by reason of having received benefits under the contract. —*Sherwood v. Alvis,* 83 Ala. 115; *Chewacla Lime Works v. Dismukes, supra.*

E. J. GARRISON, for appellee. It is well settled in this state that parties to a contract in writing may alter or modify or rescind the same subsequent to its execution by a parol agreement.—*Smith v. Garth,* 32 Ala. 368; *Burkham v. Mastin,* 54 Ala. 122; *Cooper v. McElwain,* 58 Ala. 296; *Hartford, et al. v. Attalla,* 119 Ala. 59. Even if the contract is ultra vires neither party can avail himself of the same if it has been fully performed by one party, and the other party has received the full benefit of the performance.—29 A. & E. Ency. of Law, pp. 45-6.

SIMPSON, J.—This suit was by the appellant against the appellee on a noncommercial promissory note alleged to have been made by the defendant to one J. M. Minnis, and by him indorsed to plaintiff before maturity. The only assignment of error is to the ruling of the court in overruling plaintiff's demurrer to the sixth plea interposed by the defendant, and the only point raised by said demurrer, and insisted on in argument, is that the facts set up in said plea show an agreement made by the bank, which it had no authority to make, and which was ultra vires.

There is no question about the proposition that a corporation may defend against executory contracts by showing that the contract was either made by an officer of the bank who had no authority to make it or that the contract was ultra vires.—29 Am. & Eng. Ency. Law (2d Ed.) 49. It is true that after a contract has been executed, and the corporation has received the benefit of the agreement it cannot hold the benefit and at the same

[First National Bank of Lineville v. Alexander.]

time claim release from the agreement on the ground that it is ultra virs or beyond the power of the officer to make it.—29 Am. & Eng. Ency. Law (2d Ed.) p. 50; *Stebbins v. Lardner*, 2 S. D. 127, 48 N. W. 847; *Logan Co. Bank v. Townsend*, 139 U. S. 67, 74, 11 Sup. St. 496, 35 L. Ed. 107; *Eastern Bldg., etc. Ass'n v. Williamson*, 189 U. S. 123, 129, 23 Sup. Ct. 527, 47 L. Ed. 735; *Patrick v. Petty*, 83 Ala. 420, 423, 3 South. 779.

But plea 6 does not show that the corporation ever received any benefit from the work which was done on the railroad. There is only an intimation that there was an agreement between the maker and the payee that the note was to be paid in work, and, if there was such an agreement, yet it would not amount to a binding agreement, so long as it was executory.—*Patrick v. Petty, supra; Tuskaloosa Cotton Seed Oil Co. v. Perry*, 85 Ala. 159, 167, 4 South. 635. Consequently, when the bank received the note, it was not bound to accept payment in anything but money, and no officer of the bank had the authority to agree to receive anything but money in payment thereof.—*Bank of Commerce v. Hart*, 37 Neb. 197, 55 N. W. 631, 633, 20 L. R. A. 780, 40 Am. St. Rep. 479. This being the law, and there being no principle of estoppel set out in the pleading, as above stated, it results that the demurrer to plea 6 should have been sustained.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.