[1st National Bank of Lineville v. Alexander.]

# 1st National Bank of Lineville v. Alexander.

## Assumpsit.

(Decided June 8, 1909. 40 South. 45.)

1. *Bills and Notes; Negotiability; Form.*—A note by which the maker promises to pay a certain sum at a certain time to the order of the payee at a named bank is negotiable although it contains a waiver of exemptions and a clause retaining title in certain property.

2. *Same; Actions; Proof; Payment.*—Where the action was on a negotiable note brought by the endorsee thereof a plea alleging that it was agreed that the note was to be paid out of the proceeds of certain work done and that the maker of the note paid the plaintiff from the proceeds of work all that was due on the same prior to the commencement of the suit, and that plaintiff received the full benefit thereof, the proceeds being in money, constituted a plea of payment in money, it being immaterial from what source the money was derived.

3. *Same; Testimony.*—Where the action was on a note by the bank and the payee claimed that the note had been paid with the proceeds of work done on a railroad grade, evidence with regard to the work, which was introductory to testimony that the work had been paid for and the money appropriated to the defendant's debt due the plaintiff, was admissible.

4. *Witnesses; Transaction With Deceased Person; Interest.*—Where witness had no pecuniary interest in the result of the suit a question to him as to whether or not he had been employed to work on the railroad by the cashier of the bank was not objectionable on account of the death of the cashier since that time.

5. *Same.*—The absence of anything to show that the suit instituted by the witness related to the same note, it was not incompetent for the witness to testify to the payment of a note made by his son to the bank through its cashier who had since died, notwithstanding there was a suit pending between the plaintiff's bank and the witness.

6. *Same; Declarations of Persons Since Deceased.*—Where the action was by a bank on a note which the defendant set up had been paid out of proceeds of railroad work, a witness who had no interest in the result of the suit. was properly permitted to state what the cashier of the bank, then deceased, said about an agreement with defendant as to how the note should be paid, especially where it was a mere inducement to the further statement that it was agreed between defendant and the cashier that each month defendant could pay what he made out of the proceeds of the work except a certain amount to be retained to feed the mules.

7. *Same; Knowledge; Contents of Book.*—Where a witness testified that he had no independent recollection of the contents of the

[1st National Bank of Lineville v. Alexander.]

books of the plaintiff's bank relative to credits on a note sued on beyond those endorsed on the note, and could not tell without seeing the book whether there were any such credits, it was not error to sustain objection to questions asked the witness as to what the book showed with reference to credits not endorsed.

8. *Evidence; Cashier; Declaration; Admission.*—The admission by a bank cashier to the defendant that he had paid off the note sued on and the agreement by the cashier to bring the note to defendant was admissible against the bank altogether the cashier had since died.

9. *Same.*—Evidence of the fact that $125.00 or $130.00 in cash had been paid by the defendant on the note and that the cashier of the plaintiff's bank said that that paid the note was not open to the objection that it did not appear that the bank received the benefit of the work with the proceeds of which the note was paid, or that the note was paid in money.

10. *Trial; Instructions; Duty to Request.*—Where a party considers that evidence otherwise admissible may be confusing to the jury he should request a proper charge explanatory thereof.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by the First National Bank of Lineville against T. E. Alexander. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 152 Ala. 585, 44 South. 866.

The note as set out in this record is as follows:

"$313.55.                    Lineville, Ala., May 6, 1905.

"Four months after date I promise to pay to the order of J. M. Minnis $313.55, value received, with interest from maturity until paid, payable to the First National Bank of Lineville, Alabama. (Here follows waiver of exemption, etc., and also retaining title in two mules.)
                    "(Signed)   T. E. Alexander."

Certain credits were indorsed on the back of the note, aggregating $107.65, and the name "J. M. Minnis" was indorsed thereon. The substance of plea 3 is stated in the opinion of the court.

WALTER S. SMITH, for appellant.—For former appeal see.—44 South. 869. On the authority of that case,

and authorities therein cited, the 5th ground of demurrer should have been sustained to plea 3. A national bank has the right to plead its want of power and to assert the nullity of an ultra vires act.—174 U. S. 364; 167 U. S. 362; 165 Mass. 120; Chiwacla L. W. C. Dismukes, 87 Ala. 34; *Sherwood v. Alvis,* 83 Ala. 115. The conversations alleged to have been had with the deceased agent of the bank were not admissible.—*Burgess v. Am. Mtg. Co.,* 115 Ala. 473; *White v. Thompson,* 123 Ala. 611; *McDonald v. Harris,* 131 Ala. 359. Sec. 4007, Code 1907. The court erred in permitting the witness to testify as to the other credits on the note.—Sec. 4004, Code 1907; *Terry v. 1st Nat. Bank,* 93 Ala. 599. Where the trial is held by the court without a jury the admission of illegal evidence is reversible error if there is a conflict in the remaining evidence upon a material issue. —*Lalland v. Brown,* 121 Ala. 513; *1st Nat. Bank v. Chaffin,* 118 Ala. 243.

E. J. GARRISON, for appellee.—It was wholly immaterial whether the contract was ultra vires or not, as the contract was fully executed before suit and the bank received the benefit thereof.—44 South. 866; 121 Ala. 379; 91 Ala. 519. The witnesses had no interest in the result of the case, and hence, were competent to testify. —Sec. 1794, Code 1896. The plaintiff cannot be heard to impeach the bill of exceptions, as the same is a part of his record on appeal.—*Ratliffe v. The State,* 122 Ala. 106.

SIMPSON, J.—This action was brought by the appellant against the appellee on a promissory note. When the case was before this court on a former appeal, the note was not set out in the record, and, from the description in the complaint copied into the record, it

was declared to be a negotiable note. From the description and copy of the note in this record, it is a negotiable promissory note, payable originally to J. M. Minnis, and by him indorsed.

When this case was here before, we held that plea 6 was subject to demurrer, because it did not show that the corporation (the bank) had received the proceeds of the work claimed to have been done by defendant under the ultra vires agreement.—*First Nat. Bank v. Alexander*, 152 Ala. 585, 44 South. 866.

Plea 3, in the present record, alleges that the agreement was that the note was to be paid "by the proceeds of work done," etc., and "that he paid to plaintiff, by the proceeds of work done, * * * all that was due on said note, prior to the commencement of this suit"; also that said "contract or agreement was, before the commencement of this suit, executed in full, and the said bank received the full benefit thereof, and received the proceeds of this agreement in full accord and satisfaction of said note, before the commencement of this suit; said proceeds being in money." This is simply a plea of payment in money, and, if all that was due on the note was paid in money to the bank, it is immaterial from what source the money was derived. The illegality of the agreement has no bearing on the case. There was no error in overruling the demurrer to said third plea.

In examining the witness A. A. Alexander, he was asked by the defendant whether he was employed by R. L. Ivey to do work on the railroad. The only objection made to this question was that said Ivey acted in a fiduciary capacity to plaintiff and is now deceased. It was not shown that said witness had any "pecuniary interest in the result of the suit"; hence there was no error in overruling the objection.

There was no error in admitting the testimony of A. A. Alexander in regard to the work, as that was merely introductory to the testimony that said work was paid for and the money appropriated to the debt due plaintiff.

There was no error in allowing the witness Alexander to testify that he heard R. L. Ivey tell the defendant that he had paid off the note in suit, and that he would bring it to him the next time he came up. Said Ivey was the cashier of the plaintiff bank, which officer is the proper person to receive payment of notes due the bank, and his admissions of payment were admissible. The statement does not mention how the payment was made.

The fact that there was another suit pending between the plaintiff and the witness Alexander did not render said witness incompetent to testify as to a payment made by his son to said Ivey as cashier of the bank. That did not make the witness interested in the result of this suit. It is not shown that the suits related to the same note.

The answer to said question is not liable to the objection that it was "not shown that the plaintiff received the benefit of said work," or that "said amount was paid in money"; nor does it impinge upon the principle that said cashier was not authorized to receive anything but money as a payment on the note. While he speaks of the fact that they had been paid for their work, yet the gist of the testimony is that $125 or $130 in cash was paid on the note, and that the cashier said that paid the note. The objections were properly overruled.

There was no error in overruling the objection to the question to the same witness, and the answer thereto, as to what Ivey said about the agreement as to how the note was to be paid. Said witness swore that he had

no interest in the result of the suit, as before stated, and, as to the agreement, it was only inducement to the further statement that "each month he could pay what he made, except he could save out enough to feed the mules." This was merely an agreement to pay out of the proceeds of the work. If the defendant considered that it might be confusing to the jury, he could have requested a proper charge of the court, in accordance with the previous decision of this court in this case.

No error can be predicated on the sustaining of objections to the various questions to the witness Mrs. E. L. Ivey as to the books of the bank and their contents as to credits on the note, beyond those indorsed, as she said she had no independent recollection of the matters, and could not tell, without seeing the books, whether there were any such credits thereon.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON aand McCLELLAN, JJ., concur.