LIZZIE J. POST, Appellee, v. CITY OF DUBUQUE, Appellant.

**New trial:** DISCRETION: REVIEW ON APPEAL. Trial courts have a large discretion in the matter of granting new trials, which must be exercised, however, with care and judgment, and in the light of all the facts and circumstances of each particular case; but unless it fairly appears that there has been an abuse of that discretion the action of the trial court in granting a new trial will not be interfered with on appeal.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

THURSDAY, JANUARY 16, 1913.

ACTION to recover damages claimed to have been sustained by a fall on a sidewalk. Trial to a jury. Verdict for defendant. Motion for new trial. Motion sustained, and defendant appeals.—*Affirmed*.

*Geo. T. Lyon* and *E. H. Willging,* for appellant.

*Fitzpatrick & Frantzen,* for appellee.

GAYNOR, J.—The plaintiff brings this action to recover damages of the defendant on account of certain injuries

claimed to have been sustained by her, and predicates her right
to recover therefor on what she claims to be the negligence of
the defendant; and the acts, or omissions to act, on the part
of the defendant, which she says constitutes the negligence of
which she complains, and which she says were the proximate
cause of her injury, are:

That the defendant is a city, incorporated and existing
under and by virtue of a special act of the Legislature of
the state of Iowa, and by said act it is made the duty of the
defendant to keep in repair the sidewalks within its limits,
and to keep the same, at all times, in a reasonably safe con-
dition for persons traveling over and upon the same. That
South Locust street is one of the prominent streets in the
city of Dubuque, and at the place hereinafter named is trav-
eled upon by a large number of persons at all times. That
it is macadamized and guttered, and has a sidewalk running
along its westerly side, and this has been its condition for
many years. That there was put down a plank piece of side-
walk on the westerly side of said South Locust street and
opposite the southerly end of the building known as No.
305 South Locust street. That this piece of sidewalk was
put down more than fifteen years prior to the time of plain-
tiff's injury. That said sidewalk was constructed of wood
and pine planks nailed to stringers underneath the same,
which said stringers were laid upon the ground. That said
sidewalk, by reason of age and use, had become worn out
and out of repair; the stringers and boards were decayed,
rotten, and in an unsafe condition. That the boards in said
walk were loose, the spikes were protruding from the same,
the stringers were rotten and unable to hold the nails to
keep the planks or boards fastened thereon, and said boards
were thrown on said walk in a loose manner, and said walk be-
came and was in such condition that it was dangerous to per-
sons traveling over and along the same. That said sidewalk,
at the point named, was in such dangerous and defective con-
dition as herein described for a long period of time, to wit,
more than six months prior to the 3d day of October, 1908.
That defendant had notice of this condition for a long time
prior to the injury, or that it had existed for such a length of
time in said condition before the injury, that it should have

known. That on the 3d day of October, 1908, this plaintiff, at the hour of about 5 o'clock in the afternoon of said day, was returning to her home on Southern avenue, walking in a southerly direction on said sidewalk, and at the point named, to wit, near No. 305 South Locust street, and in company with another person, and while in the exercise of ordinary care, prudence, and caution, and without any fault or negligence upon her part, when at or near the point named, the person with whom plaintiff was walking stepped upon the end of one of the loose planks so lying upon said sidewalk in an unsafe and insecure condition, and said plank flew up at the end and just in front of the plaintiff, causing the foot or feet of said plaintiff to catch in said plank and strike against the same and throw her violently forward onto said sidewalk. That by said fall she was greatly injured. That the negligence of this defendant was the proximate cause of her injury, without any negligence on her part contributing thereto.

All this defendant denies in its answer.

The case was tried to a jury and a verdict rendered for defendant. After the return of the verdict, the plaintiff moved for a new trial, assigning thirty-four distinct grounds of error, among which plaintiff urges error, both in the admission and in the exclusion of evidence, in the instructions given to the jury, and in the misconduct of one of the jurors. The motion was submitted to the court and sustained generally. Nothing in the record shows the ground or grounds on which it was sustained. From this action of the court in sustaining the motion, this appeal was taken by defendant.

We have examined the record in this case, not for the purpose of ascertaining and determining whether this case should or should not be reversed, had the court overruled plaintiff's motion, but simply to ascertain and determine whether the trial court abused its discretion in sustaining the motion. It has been wisely held that a large discretion is lodged in the trial court in granting new trials. That this means a sound judicial discretion, to be exercised with care, judgment, and sound discretion in the light of all the evidence and all the

facts in the particular case appearing in the trial, is conceded. That courts have no right to set aside the verdict of a jury through mere caprice or whim, or to reweigh the evidence submitted, or sit in judgment on the credibility of witnesses, is too well recognized to need argument. It does not appear that the court did this, or attempted to do this.

The trial court had, and always has, an opportunity to observe the trial as it proceeded step by step, the parties, their counsel, the witnesses and the jury, that this court has not and can never have, and many things occur and are known to that court that may, and often do, convince the court that a fair and impartial trial has not been had. And yet these things, so observed, may not, and many times cannot, be made to appear in the record. There is nothing in the record in this case, so far as the record itself offers suggestion, nothing in the attitude of the court toward the counsel or the parties during the trial or in the final submission of the case, that indicates in the least degree that the court was not, at all times, in a frame of mind that left the court free to seek for and do impartial justice. Indeed, the record is most free from any suggestion of bias or prejudice on the part of the presiding judge. We have frequently held, and now hold, that such an order as is here appealed from will not be reversed, unless it affirmatively appears that the trial judge has abused his discretion in granting a new trial. See *Holland v. Kelly,* 149 Iowa, 391, and cases cited.

We find no evidence of an abuse of the discretion vested in the trial court, and the case is *Affirmed.*