CHARLES HANNA, Appellant, v. IOWA AUTOMOBILE MUTUAL
INSURANCE COMPANY, Appellee.

**APPEAL AND ERROR:** Review—Motion for New Trial—When Non-
reviewable.  A numerous-pointed motion for a new trial, sustained
generally by the trial court, will not be reviewed on appeal, especially
when the basis of the alleged errors in sustaining the motion does not
appear in the record.

**Headnote 1:**   4 C. J. pp. 552, 553, 662, 1069, 1075.

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

FEBRUARY 8, 1927.

The plaintiff appeals from an order setting aside a verdict
and granting a new trial on motion of the defendant.—*Affirmed.*

*F. A. Cooper*, for appellant.

*Bollinger & Block*, for appellee.

VERMILION, J.—The plaintiff's action is to recover of the
defendant the value of an automobile alleged to have been stolen,
upon a policy of insurance whereby the defendant insured
plaintiff against loss of the automobile by theft, except in cer-
tain cases.  There was a verdict for the plaintiff.  On motion of
the defendant, the verdict was set aside, and a new trial granted.
The motion for a new trial set up thirteen grounds therefor,
several of which contained numerous subdivisions.  The court
below indicated, in ruling on the motion, that it was sustained
because of what he then believed was an erroneous view of the
law, exemplified in the instructions, as to the scope and meaning
of the exception in the policy and the test by which it should be
determined whether the loss in question was covered by the pol-
icy or was within the exception.  The motion was sustained gen-
erally, and no part of it was overruled.  The motion presented
in various ways the alleged error of the court in the construction
of the exception in the policy, but was based upon other grounds
as well.  It was alleged that errors were committed in the exclu-

sion of testimony offered by the defendant. Not only are the grounds of the motion relating to the exclusion of testimony not argued, but the record before us discloses nothing whatever with respect to the alleged errors so relied upon. Neither the questions, the objections, nor the ruling are set out in the abstract.

We have repeatedly held that we cannot interfere with an order sustaining generally a motion for a new trial based upon several grounds, if any of the grounds of the motion were good. *Perry Nat. Bank v. Engnell*, 198 Iowa 26, and cases there cited. We have also said that we cannot determine that none of the grounds were good where they are not all argued. *Perry Nat. Bank v. Engnell*, supra. Much less can we so determine where the alleged basis for the errors so complained of is not even shown by the record.

The order granting a new trial must be, and is,—*Affirmed*.

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.