## Farmers & Merchants Bank of Owensville, Missouri, Appellee, v. H. J. Bayer et al., Appellants.

Heard in this court at the May term, 1930. Opinion filed September 22, 1930. Rehearing denied October 28, 1930.

FRANK G. THOMPSON and NEIL H. THOMPSON, for appellants.

JOSEPH T. TATE and GILBERT & GILBERT, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On September 18, 1926, appellants, husband and wife, procured a loan of $5,500 from appellee and the note was secured by a mortgage on Missouri real estate. Shortly thereafter appellants sold and conveyed the

premises to Dr. M. C. Sauls, who later sold and conveyed to George Rennick. Some payments of principal and interest were made and on March 23, 1929, appellee foreclosed the mortgage, from the proceeds of which an additional credit of $2,328.09 was placed upon the note. This suit was brought to recover the balance due and at the close of the evidence the court directed a verdict in favor of appellee for the sum of $2,489.21.

Appellants contend that the court erred in refusing to permit them to show that at the time the premises were sold to Dr. Sauls the Doctor executed a new note for $5,500 and a new mortgage on the same premises to appellee whose cashier agreed to take this new note and mortgage in satisfaction of the note in question. The alleged error in the ruling of the court in that regard is the only question presented for our consideration.

Appellants rely largely upon *Ryan v. Dunlap,* 17 Ill. 40, in support of their contention in that regard. In that case one of the directors of the bank testified that the board of directors voted in favor of taking a new note and mortgage in place of an existing note and mortgage held by the bank, and that the old mortgage be released. No record of the vote of the board of directors was preserved but there was no evidence to the contrary. In that case the old mortgage was released by the cashier and the old note canceled and delivered to the mortgagor and the transaction was duly entered upon the books of the bank. The facts in that case, aside from the fact that a new note and mortgage were substituted for an old note and mortgage, are entirely different from the facts in the case at bar. Appellants contend that appellee's cashier, by virtue of his office, had authority to substitute the note and mortgage of Dr. Sauls in satisfaction of appellants' note. While the cashier of a bank is its chief executive officer, yet he is but an agent of the bank and

his acts are governed by the general rules applicable to agents, and if he exceeds his authority his acts will not bind the bank. 3 R. C. L. 444. By virtue of his office, alone, he has no authority to accept anything, other than money, in payment of a debt due the bank. He cannot bind the bank by an agreement to take other securities in satisfaction of the note held by the bank, unless he has express authority so to do, or it is shown that the mode of transacting the business of the bank was such as to give him implied authority, or that his acts in that regard were ratified by the bank. 3 R. C. L. 449; *Sandy River Bank v. Merchants' & Mechanics' Bank*, 1 Biss. 146; *Mitchell v. Porter*, 15 Ky. L. Rep. 335 (Abst.); *Bank of Commerce v. Hart*, 37 Neb. 197, 55 N. W. 631; *First Nat. Bank of Lineville v. Alexander*, 152 Ala. 585, 44 So. 866; *Grady v. Pink Hill Bank & Trust Co.*, 184 N. C. 158, 113 S. E. 667; *Peoples Bank v. Presnell* (Mo. App.), 236 S. W. 401.

In the case at bar appellants did not attempt to show that appellee's cashier had express authority to accept Doctor Sauls' note and mortgage in satisfaction of their note, nor did they show that the mode of transacting the business of the bank was such as to give him implied authority so to do, nor did they show that his act in that regard was ratified by the bank. If a bank receives a note for collection, its cashier, without the consent of the owner of the note, has no authority to accept anything but money in payment thereof. *Scott v. Gilkey*, 153 Ill. 168. If that rule of law applies to a cashier when acting for a customer, it would be difficult to understand on what theory it should be held not applicable to a similar act upon his part in which his bank is interested.

We are of the opinion that the court did not err in excluding the evidence offered by appellant, and the judgment is affirmed.

*Affirmed.*