GRAHAM & ROGERS vs. NEWMAN.

1. The assignment of the note or bond which a mortgage is intended to secure, unless there is some contract to the contrary, is an *equitable* assignment of the mortgage; and the assignee of the note or bond may use the name of the mortgagee, to enforce the mortgage at law.

2. But if the mortgage itself is assigned in proper form, the *legal title* of the mortgagee passes to his assignee, and in any proceeding at law to enforce the mortgage the latter must use his own name.

3. If the mortgage is of land, there must be a deed from the mortgagee to the assignee, to convey the legal title to the premises, either on a separate paper, or endorsed on the mortgage with suitable words to convey the thing itself.

4. But if the mortgage is of a personal chattel, the legal title will pass by the mortgagee's assignment of "all right, title and interest, in and to the within mortgage," endorsed upon the mortgage itself; and the assignee must sue in his own name to recover the chattel.

ERROR to the Circuit Court of Montgomery.

Tried before the Hon. GEORGE GOLDTHWAITE.

T. WILLIAMS, for plaintiffs in error.

WATTS, JUDGE & JACKSON, *contra.*

PHELAN, J.—This was an action of detinue brought by Graham & Rogers against Newman for the recovery of a slave. The action was brought in the name of Graham & Rogers for the use of McLemore.

To show title to the slave in question, the plaintiffs introduced a mortgage for said slave, executed by one Pinkston, his owner, to the plaintiffs in May, 1845, to secure a note for $1000, given to them by Pinkston on the same day of the date of the mortgage.

This mortgage was afterwards assigned, by a written as-

signment under seal, regularly endorsed on said mortgage to one Solomon Thompson on 20th March, 1847, and S. Thompson having died, the mortgage with the note was regularly assigned in like manner by Wm. J. Thompson, administrator of S. Thompson, on 12th February, 1849, to McLemore.

The court instructed the jury, that the assignment by plaintiffs to Solomon Thompson conveyed the legal title in the slave to S. Thompson, and that plaintiffs could not maintain this action; and plaintiffs took a non-suit, and assign for error the charge of the court.

The instruction of the court was undoubtedly correct. The assignment of the note or bond it is intended to secure, unless there is some contract to the contrary, is an equitable assigment of a mortgage, and the assignee of the note can, in such case, use the name of the mortgagee to enforce the mortgage at law; but if the mortgage itself is assigned, in proper form, the legal title of the mortgagee passes by it to the assignee, and in any proceeding at law to enforce the mortgage he must proceed in his own name.

If the mortgage is of land, to pass the legal title there must be a deed from the mortgagee to the assignee of the mortgaged premises, either on a separate paper, or endorsed on the mortgage deed, with suitable words to convey the thing itself. 15 Mass., 236; 10 ib., 476; 8 ib., 5; Halsted, 156; 27 Maine, 237; 2 Greenleaf, 322.

But if the mortgage is of a personal chattel, as the mortgage itself may be by writing either under seal or not under seal, and as the delivery of the writing is but symbolical of the delivery of the chattel, the legal title will pass by an assignment by the mortgagee, as in this case, of "all right, title and interest in and to the within mortgage," endorsed upon the written mortgage, and the assignee must sue in his own name to recover the chattel.

The same principle applies to every kind of assignment which passes the legal title. See Bullock v. Ogburn, 13 Ala., 347; 7 Ala., 525; 1 Stewart, 154.

There are other assignments of error, but they need not be noticed, as this error must always be fatal to the action.

Let the judgment be affirmed.