# Gafford *v.* Lofton.

*Statutory Detinue for Mortgaged Property, by Assignee.*

1. *Assignment of mortgage: right of action by assignee.*—An assignment of a mortgage of personal property, indorsed on it by the mortgagee, in these words, "The within mortgage is hereby transferred to R. H. G. for value received," passes to the assignee the legal title to the mortgaged property; and the secured note being also included in the mortgage as a part thereof, the mortgagee's entire title and interest becomes vested in the assignee, and he may maintain an action in his own name to recover the property, after default, without foreclosure.

APPEAL from the Circuit Court of Covington
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by R. H. Gafford against W. C. Lofton, to recover two horses, with damages for their detention; and was commenced in a justice's court, on the 8th December, 1887. The justice rendered judgment for the defendant, and the plaintiff took an appeal to the Circuit Court. The plaintiff claimed the horses under a mortgage executed by the defendant to one E. Rosenfield, and an assign-

[Gafford v. Lofton.]

ment thereof by said Rosenfield to him. The mortgage was dated the 23d April, 1883, and was given to secure a debt for advances to make a crop; and the debtor's note, maturing October 1st, 1883, was included in the mortgage as a part thereof. The assignment to plaintiff was without date, but was signed by said Rosenfield, and was in these words: "The within mortgage is hereby transferred to R. H. Gafford, for value received." On the trial, as the bill of exceptions shows, the court excluded both the mortgage and the assignment as evidence, on the ground that they showed no right of action in the plaintiff; and he was thereby compelled to take a nonsuit, with a bill of exceptions.

JAS. F. JONES, for appellant.

B. H. LEWIS, contra.

WALKER, J.—The plaintiff claimed the personal property sued for under a mortgage executed by the defendant to one Rosenfield. The defendant's promissory note, and the mortgage to secure its payment, were embodied in one instrument. The mortgagee wrote and signed the transfer on the back of the instrument. The trial court held that, under the transfer to the plaintiff, he had no title to the property sued for, and that he could not recover in this action. Evidence of the mortgage and of the transfer thereof was excluded. This ruling was erroneous. An assignment indorsed and signed by the mortgagee upon a mortgage of personal property, conveys the legal title to the mortgaged property, and the assignee can sue in his own name to recover possession thereof. *Graham v. Newman*, 21 Ala. 497; *Tison v. People's Saving & Loan Association*, 57 Ala. 323. The one instrument containing both the note and the mortgage, the transfer carried the mortgagee's entire interest.—*Buell v. Underwood*, 65 Ala. 285. The assignment conferred upon the assignee the same right which the mortgagee had had to maintain detinue for the recovery of the personal property conveyed by the mortgage, though there had been no foreclosure.—2 Brick. Dig., p. 252, § 63. No other question is presented for review.

Reversed and remanded.