# Clem *v.* Wise.

## Statutory Action of Detinue.

1. *Evidence; admissibility of paper signed by directors of corporation.*—A writing signed by directors of a corporation, reciting the meeting of the board and stating that by unanimous consent of the board of directors, the corporate assets were sold to a designated person and authorizing the president of the corporation to transfer all of the corporation's interest in its assets to said person, is admissible as evidence of a sale and the authority of the president to make the transfer in behalf of the corporation, in connection with a by-law of the corporation providing that the corporate powers of the company were vested in the board of directors, and the oral testimony of the president that said sale and transfer were made.

2. *Action of detinue; when sufficient transfer of mortgage.*—In an action of detinue, where the plaintiff claims the property sued for under a mortgage alleged to have been transferred to him by a corporation, which mortgage was shown to have been lost, and the president of the corporation testified that he delivered and transferred to the plaintiff said mortgage, but did not write out any transfer thereof on the back of the mortgage until after the suit was brought, such evidence is sufficient to carry to the jury the question whether or not the plaintiff was the legal owner of the mortgage.

3. *Assignment of mortgage; right of transferee to maintain suit for mortgaged property.*—Under a transfer which is not merely of the debt, but which is appropriate to pass title to the security, the transferee can maintain a suit at law for the mortgaged property.

4. *Jurisdiction of justice of the peace; waiver of objection.*—On an appeal from a judgment of the justice of the peace, his want of jurisdiction can not be availed of unless the objection thereto was made before the justice of the peace; and the question comes too late if presented for the first time on motion for a new trial in the circuit court where the cause was carried on appeal.

APPEAL from the Circuit Court of Limestone.
Tried before the Hon. H. C. SPEAKE.

This was a statutory action of detinue brought by the appellee, George W. Wise, against the appellant, Wiley Clem, to recover two mules. The suit was originally commenced in a justice of the peace court and from a judgment rendered in said court in favor of the plaintiff the defendant appealed to the circuit court. In the circuit court the plaintiff filed a new complaint for the recovery in detinue of the same mules.

On the trial of the case it was shown that one J. M. Todd, on January 17, 1898, executed a mortgage upon the mules involved in the controversy to the Wise Mercantile Company, a corporation organized to carry on the mercantile business, and that this mortgage was duly recorded in the probate office. The loss of this mortgage was proved and a certified copy of said mortgage taken from the records in the office of the judge of probate was introduced in evidence.

The plaintiff, as a witness in his own behalf, testified that he was formerly president of the Wise Mercantile Company; that he and J. H. Humphrey and J. R. Martin were the stockholders and directors of said Wise Mercantile Company; that he, the plaintiff, purchased from the Wise Mercantile Company the mortgage, a copy of which was introduced in evidence, together with the other property owned by said mercantile company. The plaintiff then introduced in evidence the following writing, signed by G. W. Wise, J. H. Humphrey and J. R. Martin: "The Board of Directors of the Wise Mercantile Co. met today and by unanimous consent sold the entire business interests and goods and chattels, accounts, notes and mortgages to Geo. W. Wise, and we hereby authorize the president of the Wise Mercantile Co. to transfer all its interest to said Geo. W. Wise, for which he is to collect from said Geo. W. Wise full face value of all stock and such dividend as is shown when trial balance is gotten off, and to pay such amount as may be due to each stockholder, for which he is to receive and cancel all capital stock outstanding. The president is also hereby authorized to

have the charter cancelled on record, so as to show that the Wise Mercantile Co. is no longer a corporation, and has gone out of business." The defendant objected to the introduction of said paper in evidence upon the grounds: 1. That it did not appear that it was executed by any one authorized and competent to execute it. 2. That it did not appear that the same was a valid transfer to the plaintiff. The court overruled the objection, allowed the paper to be introduced in evidecense, and the plaintiff duly excepted. The plaintiff then introduced in evidence the following by-law of the Wise Mercantile Company: "The corporate powers of this company are vested in a board of three (3) directors, who shall be elected annually by a majority of stock voted from among the stockholders, and shall hold office until succeeded."

The further testimony of the plaintiff relating to his taking possession of the assets of the mercantile company after its sale to him, is copied in the opinion.

J. M. Todd, as a witness for the plaintiff, testified that prior to the execution of the mortgage upon the mules sued for to the Wise Mercantile Company, he executed a mortgage upon the same mules to one Bingham, but that the mortgage to Bingham was not recorded until a year after the registration of the Wise Mercantile Company mortgage; that said Bingham took possession of the mules from the witness Todd after the execution and registration of the mortgage given to the Wise Mercantile Company, and he carried said mules to Limestone county and sold them to the defendant, who knew of the mortgage held by the Wise Mercantile Company, and that said Bingham also knew of the existence of the mortgage to the Wise Mercantile Company. The value of the mules was shown to be from $60 to $75 each, and the value of the hire or use of them was shown to be $20.

Upon the plaintiff being reintroduced as a witness, he testified that he had no knowledge or notice of any kind of the existence of the mortgage given by Todd to Bingham; that after the Wise Mercantile Company mortgage became due he learned that the defendant had

the mules, and that he demanded them of the defendant, who refused to surrender them.

Upon the introduction of all the evidence for the plaintiff, the defendant moved the court to exclude the plaintiff's evidence upon the following grounds: 1. It was not shown that the mortgage was transferred to the plaintiff. 2. It was not shown that the paper signed by the directors of the Mercantile Company was executed by any one competent to execute it. 3. Said paper did not constitute a valid assignment and transfer of the mortgage in question. 4. It was not shown that said mortgage was the property of the plaintiff, upon which he could maintain a suit. The court overruled this motion and the defendant duly excepted.

There were several charges requested by the plaintiff and the defendant, but under the opinion on the present appeal it is unnecessary to set them out in detail.

There was verdict returned in favor of the plaintiff, assessing the value of the mules at $60 each, and the damage for the detention of the mules at $20.

The defendant filed a motion for a new trial upon the ground, among others, that the court erred in allowing the jury to return a verdict for a sum greater in value than the jurisdiction of the justice of the peace, and because the verdict of the jury shows that the court had no appellate jurisdiction of the case. This motion for a new trial was overruled, and the defendant duly excepted. The judgment of the court was that the plaintiff have and recover of the defendant and the sureties on his replevy bond "said sum of one hundred and twenty dollars, the alternate value of said property, besides the sum of twenty dollars damages for the detention of the same, besides the costs in this behalf expended, for the collection of which let execution issue." The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. C. McCLELLAN, for appellant.—"The general rule is, that to maintain detinue, or corresponding statutory action for the recovery of chattels in specie, the

plaintiff must be clothed with the legal title, or must have the right to the immediate possession of the goods sued for" at the commencement of the suit.—*Bouldin v. Organ Co.*, 92 Ala. 182; *Graham's Case*, 74 Ala. 432; *Russell v. Walker*, 73 Ala. 315; *Reese v. Harris*, 27 Ala. 301; 3 Brick. Dig., 306, § 3.

To constitute a valid assignment or transfer of a chattel mortgage so as to invest in the assignee a sufficient title or right on which such assignee may maintain detinue the assignment or transfer must be in writing endorsed on the mortgage. There can be no parol transfer, as here involved, or transfer by delivery merely, of a chattel mortgage as to give to the assignee a detinue-maintaining title.—Code, § 2151; *Gafford v. Lofton*, 94 Ala. 333; *Tilson's Case*, 57 Ala. 331; *Russell v. Walker*, 73 Ala. 315; Jones on Chat. Mort., § 517; *Hodges v. Wilkinson*, 17 L. R. A. 545; *Black's Case*, 116 Ala. 90; *Jackson's Case*, 73 Ala. 155; *Fulgham v. Morris*, 75 Ala. 245.

Where the amount of the verdict exceeds the amount claimed by the plaintiff, or of jurisdiction, a motion for a new trial is the proper remedy.—Code, § 2662 and authorities cited to subdivision 4; 1 Brick. Dig., 776, §§ 39, 40, and authorities there cited; *Carter v. Alford*, 64 Ala. 236; *Smith v. Dick*, 95 Ala. 311.

W. T. SANDERS, *contra*, cited 2 Am. & Eng. Ency. Law, 1057; *Bolin v. Sandlin*, 27 So. Rep. 464; *L. & N. R. R. Co. v. Barker*, 96 Ala. 435; *West. R. v. Lazarus*, 88 Ala. 453; *Burns v. Henry*, 67 Ala. 209; *Glaze v. Blake*, 56 Ala. 379.

SHARPE, J.—If it be conceded that the writing signed by the directors of the mercantile corporation was, as is contended for appellant, "no more than a minute of what was done at a directors' meeting," and that it did not operate in itself to transfer the mortgage through which the plaintiff claimed the property sued for, yet as a minute of such meeting it was, in connection with the by-law vesting the power of the corporation in the directors and the plaintiff's oral testimony, admissible as evidence of a sale and as authority in

plaintiff as president to make the transfer in behalf of the corporation.

The bill of exceptions shows plaintiff testified without objection "that he as president of said company delivered and transferred to himself individually all of the assets of said corporation and became the absolute owner thereof, and as such president delivered and transferred to himself as an individual the said mortgage above referred to; that he did not write out any transfer of said mortgage on the back thereof until after the suit was brought." This testimony, together with the writings introduced in evidence was sufficient to carry to the jury the question of whether the plaintiff was the legal owner of the mortgage, because from it they could have inferred the execution of such transfer, other than by indorsement, as may have been necessary to create his ownership. For that purpose a separate writing could have been made as effectual as a writing on the mortgage itself. The case of *Gafford v. Lofton*, 94 Ala. 333, and other authorities cited by appellant as opposed to this proposition show that a chattel mortgage may be legally assigned by an indorsement thereon, but they do not negative the validity of separate assignments.

Under a transfer which is not merely of the debt but which is appropriate to pass title to the security, the transferee may maintain a suit at law for the mortgaged property.—*Gafford v. Lofton, supra; Tison v. People's etc. Ass'n.*, 57 Ala. 323; *Hodges v. Wilkinson*, 17 L. R. A. (N. C.), 545; *Mayer v. Soulier*, 48 Mich. 411; *Barbour v. White*, 37 Ill. 165; *Langdon v. Buel*, 9 Wend. 80.

If the property was of value greater than one hundred dollars when the suit was pending in the justice's court that fact might have been there pleaded to the jurisdiction, but objection to the jurisdiction not having been made in that court, was not available as presented for the first time on the motion for new trial in the circuit court.—*L. & N. R. R. Co. v. Barker*, 96 Ala. 435; *Western R. Co. v. Lazarus*, 88 Ala. 453; *Glaze v. Blake*, 56 Ala. 379; *Burns v. Henry*, 67 Ala. 209.

[Cross v. Esslinger.]

The judgment is irregular in that it is not rendered against the defendant alone for the property or its value in the alternative, (Code, § 1476) ; but this irregularity is not assigned as error.

The assignments of error not insisted on in briefs are regarded as waived.

Affirmed.