# Dumas v. Peoples' Bank.

## *Detinue.*

(Decided April 28, 1906.   40 So. Rep. 964.)

1. *Bills and Notes; Negotiability.*—A note payable to B. on order, for a sum certain, payable at their office in Mobile, Ala., providing also for payment of attorney's fees and costs of collection, and containing a waiver of exemptions, has all the elements of a negotiable note, and is governed by the commercial law, under Sec. 869, Code of 1896.

2. *Same.*—The fact that a chattel mortgage was given to secure the payment of a note otherwise negotiable does not impair its character as commerical paper.

3. *Chattel Mortgage; Equitable Assignment; Transfer of Debt Secured.*—When the note was endorsed in blank by the payee and negotiated at the bank, and the mortgage was delivered, but not assigned in writing to the bank, it was an equitable assignment of the mortgage.

4. *Same; Right of Assignee.*—The equitable assignee of a chattel mortgage has the right to use the name of the holder of the legal title to enforce the mortgage at law.

5. *Same.*—When the equitable assignee of the mortgage gets possession of the chattels thereby conveyed from the holder of the legal title, it may set up the outstanding superior title with which it thus connects itself, to defeat detinue for the chattels at the suit of the mortgagor.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action of detinue by Dumas against Sigmund Haas for two bales of cotton.   Appellant executed and delivered his promissory note to Brown Bros., in the sum of $163.81 as set out in the opinion.   Brown Bros., negotiated this note and mortgage before maturity to the People's Bank.   Brown Bros., made advances to appellant of $177.35.   Appellant delivered to Brown Bros., five bales of cotton and they gave appellant credit therefor which was $73.89 in excess of the amount advanced. On Nov. 12, 1903, appellant shipped Brown Bros., two more bales of cotton, and these are the subject of the suit.

In the meantime Brown Bros., made a general assignment to Haas, and under this assignment, the cotton was delivered to him. Appellant made a demand upon Haas for the cotton, and being refused, this suit was instituted. The People's Bank was without notice of the payment or delivery of the cotton by appellant to Brown Bros., or to Haas, and the appellant was without notice or knowledge of the sale and delivery of the note to the People's bank, until he had delivered the five bales of cotton to Brown Bros., and after he had shipped the last two bales. No payment had been made to the Bank on the note and the whole amount was due at the time the action was tried. Haas suggested that the People's Bank claimed the cotton and they were made parties defendant.

R. P. ROACH, for appellant.—The bank having equitable title, could not defeat the action of detinue.—*Lucas v. Pittman*, 94 Ala. 616; *Gluck v. Cox*, 75 Ala. 310; *Reese v. Harris*, 27 Ala. 306; *Jones v. Anderson*, 76 Ala. 431. It is also a well established rule of law that an assignment of a part only of a chose in action is void unless made with the consent or ratification of the debtor.— *K. C. M. & M. B. R. R. Co. v. Robinson*, 109 Ala. 297; Am. & Eng. Ency. of Law, p. 1078. The bank could only have enforced this mortgage in a court of equity.—*Simmons v. Knight*, 35 Ala. 105; *Smith & Loveless v. Hall*, 20 Ala. 777. The mortgage having been paid by the mortgagor to the mortgagee without notice of the delivery of the mortgage to the People's Bank, and having paid the mortgage debt to the mortgagee, the title of the cotton was in the mortgagor.—2 Daniel Negotiable Instrument, § 835; *Dobbins v. Parker*, 46 Iowa, 358; 1 Jones Mortgages, § 835; *Gibson v. Snow Hdw. Co.*, 94 Ala. 353; *Commercial Bank v. Crenshaw*, 103 Ala. 498.

R. H. and N. R. CLARKE, for appellee.—The assignment of the note was an equitable assignment of the mortgage, and appellee was entitled to use the name of the holder to enforce the mortgage at law.—*Graham v. Newman*, 21 Ala. 497; *Welsh v. Phillips*, 54 Ala. 309. Having become defendant by suggestion, appellee could

defeat plaintiff by showing a superior outstanding title in the third party by connecting itself therewith.—*Behr v. Gerson*, 95 Ala. 438. The payment to Brown Bros., was not payment to the bank, the note being commercial paper.—Code, § 869; *First National Bank v. Slaughter*, 98 Ala. 602, s. c. 109 Ala. 158; *Rudolph v. Brewer*, 96 Ala. 189. Opinion of McClellan and Brickell in *Commercial Bank of Selma v. Crenshaw*, 103 Ala. 497. It was immaterial that the mortgage was made to secure further advances.—*Commercial Bank v. Crenshaw*, supra. The transfer of the note and mortgage clearly gave priority to the bank.—*Cullman v. Erwin*, 4 Ala. 452; *Knight v. Ray*, 75 Ala. 383. The fact that the law day of the mortgage had not arrived, does not aid appellant.—*Elston v. Roop*, 133 Ala. 331.

DOWDELL, J.—This is an action of detinue, commenced by the plaintiff, appellant here, against Sigmund Haas for the recovery of two bales of cotton. The appellee, the People's Bank, was substituted as a defendant under §§ 2633, 2634, of the code of 1896. The plaintiff, Jerry Dumas, executed to Brown Bros., his promissory note, of which the following is a copy: Mt. Sterling, Ala., March 9, 1903. On December 5, after date, I promise to pay Brown Bros., or order, one hundred and sixty-three and 81-100 dollars, with cost of collection and attorney's fees. Value received. Payable at their office, Mobile, Alabama. To secure the payment of this debt, the right of exemption existing under the laws of the state of Alabama or any other state is hereby expressly waived." To secure the payment of said note at its maturity, the plaintiff executed to Brown Bros. a mortgage which embraced the property in question. The note was indorsed by Brown Bros. in blank, and by them negotiated to the People's Bank before its maturity. The mortgage was not assigned in writing, but was by Brown Bros. delivered to the People's Bank at the time the note was negotiated and indorsed to the latter.

The defense of the People's Bank, the substituted defendant, is based upon the above note and mortgage. The note possessed all the elements of commercial paper un-

[Daniel Bros. v. Jordan & Son.]

der the statute.—Code 1896, § 869; *First National Bank of Montgomery v. Slaughter,* 98 Ala. 602, 14 South. 545, 39 Am. St. Rep. 88; *Slaughter v. First Nat. Bank,* 109 Ala. 158, 19 South. 430; *Rudolph v. Brewer,* 96 Ala. 189, 11 South. 314. The mortgage which was given to secure the payment of the note, did not impair its character as commercial paper.—*Commercial Bank of Selma v. Crenshaw,* 103 Ala. 497, 15 South. 741.

The assignment of the note, secured by the mortgage, was an equitable assignment of the mortgage, and the assignee, the People's Bank, had the right to use the name of the holder of the legal title to enforce the mortgage at law.—*Welch v. Phillips,* 54 Ala. 309, 25 Am. Rep. 679; *Graham & Rogers v. Newman,* 21 Ala. 497. This being true, the appellee, having obtained possession of the cotton in question from the holder of the legal title under the mortgage, in order to defeat the plaintiff's right of recovery, could set up as a defense the outstanding superior title with which it connected itself.—*Behr v. Gerson,* 95 Ala. 438, 11 South. 115.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

HARALSON, ANDERSON and DENSON, JJ., concur.