# Lowery *v.* Haley.

## *Trover.*

(Decided April 6, 1915.   68 South. 539.)

1. *Mortgage; Assignment of Debt; Trover; Assignee.*—A transfer of a chattel mortgage before maturity by delivery and endorsement of it and the note which it was given to secure, as collateral security for a loan not yet due, placed in the transferee the equitable title only, and he cannot maintain trover in his own name for the property conveyed.

2. *Same; Third Person; Purchasers.*—Where the mortgage gave the mortgagor the right to retain the property until the law day of the mortgage, with the provision that such right should be forfeited if the mortgagor should sell the property at any time before that day, the mortgagee could bring trover against a purchaser of the property without waiting for the law day of the mortgage in case of a sale of the property.

3. *Same; Assignment of Debt; Action by Assignee.*—Where under the terms of the mortgage, the mortgagee has the legal title to the property and is entitled to immediate possession, an equitable assignee thereof may bring trover in the name of the mortgagee for a conversion of the property.

[Lowery v. Haley.]

4. *Same;. Destruction of Lien.*—The equitable assignee may sue in case for a destruction of the mortgagee lien.

5. *Same; Evidence; Sufficiency.*—In order to support a recovery in case for the destruction of a lien, it must appear that the property has, in some way been put beyond the reach of the mortgagee, not merely that it has been converted; hence where it appeared that a purchaser of mortgaged mules had resold them to persons living nearby who openly kept them, case could not be maintained for a destruction of the lien of the mortgage on said mule.

6. *Same; Description of Property.*—The evidence examined and held sufficient to take to the jury the question whether the description in the mortgage was sufficient as constructive notice imported by the recordation of the mortgage.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Trover and case by C. L. Haley against Joe Lowery. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STREET, ISBELL & BRADFORD, for appellant. It does not appear that the mortgagor had his abode and kept the property mortgaged in the county where the mortgage was recorded, and this proof is essential to make such recordation constructive notice to purchasers for value. Section 3376, Code 1907, and authorities there cited. The plaintiff was the holder of the mortgage as collateral security only, and had no such title as would support trover.—Sections 3301-5 Code 1907; 22 Ency of Law 844; *Pigiron S. W. Co. v. German,* 126 Ala. 194; *Corbett v. Reynolds,* 68 Ala. 378. Under the evidence that the purchaser kept the mules openly and without removing them, an action in case for a destruction of the lien cannot be maintained.—*Ehrman v. Oates,* 101 Ala. 604; *Lavender v. Hall,* 60 Ala. 214; *Scarbrough v. Rowan,* 27 South. 919. The mortgage insufficiently described the property for which the action was bought.

29 CA

McCORD & ORR, for appellee. No brief reached the reporter.

THOMAS, J.—The suit was by appellee (Haley) against the appellant (Lowery), and the complaint contained two counts—one in trover for the conversion of two mules therein described, and the other in case for the destruction of a lien upon said mules.

It appeared without dispute that the only claim that the plaintiff had upon the mules was as the transferee of a certain mortgage, which had been executed upon them by one C. S. Robbins to one D. B. Robbins on March 14, 1914, and which had been transferred to the plaintiff by the said mortgagee as collateral security for a loan not due, the transfer being made, however, merely by a delivery and an indorsement in blank of the paper, which was a note followed by the mortgage securing it and forming one instrument. While such a transfer carried the equitable title to the plaintiff of the property embraced in the mortgage, it was not sufficient to convey the legal title, which was necessary, under the facts of this case, to the maintenance of the count in trover.—*Dumas v. People's Bank,* 146 Ala. 226, 40 South. 965; *Graham v. Newman,* 21 Ala. 497; *Gafford v. Lofton,* 94 Ala. 333, 10 South. 505. The court for this reason erred in refusing the affirmative charge requested by defendant as to count 1 of the complaint.—Authorities supra.

There is no merit, however, in appellant's contention that he was also entitled to the affirmative charge because the suit was brought before the law day of the mortgage that had been transferred; and this for the reason that the mortgage here, although it did impliedly provide that the mortgagor should have the right to the possession of the property until the law day of the mort-

gage, yet contained an express stipulation in effect that such right should be forfeited in the event the mortgagor should, at any time before the law day, sell the property, which, without dispute in the evidence, was done in this case, and which, under the terms of the mortgage, gave the mortgagee the right to the immediate possession of the property, and consequently the right to sue the purchaser from the mortgagor, who, without dispute, is the defendant, for a conversion of the property.—*Heflin v. Slay,* 78 Ala. 180.

The mortgagee having the legal title and being entitled to the immediate possession of the property, as shown, the plaintiff, as his equitable assignee, might have maintained trover in the name of the mortgagee for his use, but not in his own name, since plaintiff had not, as transferee of the mortgage, acquired, as pointed out, the mortgagee's legal title to the property.—*Graham v. Newman, supra; Heflin v. Slay, supra;* authorities supra.

As to the count in case for the destruction of a lien upon the property, it may be said that, while the plaintiff's equitable title as transferee of the mortgage would be sufficient to support this count, yet the plaintiff failed to prove that his lien had been destroyed. On the contrary, it appeared without dispute in the evidence that the mules were, so far as appears, to plaintiff's knowledge, still in the community where defendant purchased them from the mortgagor, and where defendant, without ever concealing or hiding them out, openly resold them shortly after he purchased them to nearby farmers in that vicinity, who still had them there, openly keeping them on their premises, and where, so far as appears, nothing stood or would stand in the way of the plaintiff's enforcing his lien upon them. Mere proof of facts sufficient to show only a conversion, with-

out more, will not support an action of case for the destruction of a lien. It must appear that the property has in some way been put beyond the reach of the lienor, as was so fully considered and pointed out in the following case as to relieve the necessity for further discussion here: *Clark, et al. v. Johnson,* 7 Ala. App. 507, 61 South. 34, and cases cited. For this reason, the court should also have given the affirmative charge as to count 2 of the complaint.

The mules involved in the suit were described in the mortgage as "one bay mare mule 9 years old and one bay mare mule 10 years old." The mortgagee, who sold the mules to the mortgagor at the time of taking the mortgage on them, and who knew them well testified that they were both bay mules—one a bay and the other a dark bay; that he saw the mules that were purchased by defendant from the mortgagor, just a few days before the trial, and that they were the same mules as were sold by him to the mortgagor, and upon which witness took the said mortgage for the purchase money and wherein, as before stated, they were described as bay mules; that the color of bay mules changes two or three times a year, twice at least; that they will be dark at one time, and when they shed off their color will change, and will also change when they become sunburned; that the color of the mules, when witness saw them last just before the trial, was, at the time, one a dark bay, and the other a light brown, mouse-colored, or sorrel mule. It was for the jury, and not for the court, to say whether the mules, and each of them, were described in the mortgage with such definiteness that the recordation of the mortgage gave the defendant constructive notice of the mortgage upon them; although defendant testified that when he bought the mules one was a mouse-colored mule, dark blue, and the other a sorrel mule.—*Stickney v. Dunaway* 169 Ala. 464, 53 South. 770.

We have discussed the questions insisted on in brief. For the error of the court in refusing the affirmative charge for defendant, the judgment is reversed.

Reversed and remanded.