(77 South. 69)

SANDERS v. ROGERS. (4 Div. 486.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. ABATEMENT AND REVIVAL ☞7—PENDENCY OF ACTION—SUFFICIENCY OF PROOFS.

The proofs in support of a motion to abate and strike from the docket an action of detinue, because, by reason of another such action by another, the property is in the custody of the court, even if the ground of such motion is good, are insufficient; they not showing the other action has not been settled and dismissed, or otherwise disposed of.

2. APPEAL AND ERROR ☞1061(4)—HARMLESS ERROR—AFFIRMATIVE CHARGE.

Plaintiff in detinue, who has never had actual possession of the property, and who does not show legal title and right to immediate possession, not being entitled to recover against defendant in possession, acquired in a legal manner, though he has no title, giving the affirmative charge for plaintiff, under such circumstances, is not harmless error.

3. CHATTEL MORTGAGES ☞213 — PASSING TITLE—TRANSFER WITHOUT WRITING.

Transfer of mortgage by delivery merely, without written assignment, does not pass legal title, so as to authorize action at law in the transferee's name for the property.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by J. M. Rogers, Sr., against Will D. Sanders. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Farmer & Farmer, of Dothan, for appellant. Hill & Thigpen, of Dothan, for appellee.

BROWN, P. J. [1] If we concede that the motions to abate the suit and strike it from the docket were timely and appropriate to present the question, and that the facts set up therein showed that the property was in the custody of the law, and not subject to seizure in an action of detinue at the suit of the true owner—a question on which the authorities seem to be conflicting (34 Cyc. 1379, 1380 [I, B, 3, d, II], and authorities cited under notes 2, 3, and 4; Samuel Frank v. Jenkins Bro. & Chipman, 22 Ohio St. 597; Wm. Powell v. J. Bradlee & Co., 9 Gill & J. [Md.] 220; White v. Dolliver, 113 Mass. 400, 18 Am. Rep. 502; Hagan v. Deuell & Vaughn, 24 Ark. 216, 88 Am. Dec. 769; Weiner v. Van Rensselaer, 43 N. J. Law, 547; Mohr v. Langan, 162 Mo. 474, 63 S. W. 409, 85 Am. St. Rep. 503)—the motions were properly overruled, for the reason that the proof offered in support of these motions consisted of the several papers in the files of the two suits; and, for all that these papers show, the suit of Sanders v. Odum had been settled between the parties and dismissed, or otherwise disposed of.

The other question is more difficult. The plaintiff, for the purpose of showing his title to the property in suit and a right to recover it, adduced a chattel mortgage executed by J. E. Odum and Sarah Odum to J. M. Rogers & Co., a partnership composed of the plaintiff and W. A. Rogers, who is not a party to this suit. There is no contention that this mortgage was ever assigned to the plaintiff by the firm of J. M. Rogers & Co., or that W. A. Rogers had ever assigned his interest therein "by indorsement, so as to authorize an action thereon by each succeeding indorsee," as required by the statute (Code 1907, § 5158; Smith v. Lusk, 119 Ala. 395, 24 South. 256; 4 Mayf. Dig. p. 226, § 703a), or by separate writing of any character.

The evidence at most affords an inference that the mortgage had been transferred by the partnership to the plaintiff by delivery thereof, and aside from this there is no evidence of such transfer. When said transfer was made is not shown, other than that it appears that it was before this suit was

filed. The mortgage and the evidence tending to show the transfer by delivery were admitted over the timely and appropriate objections of the defendant. There was evidence on the part of the defendant that he claimed the property under a mortgage executed by J. E. Odum, and had obtained possession of the property through an action of detinue against said Odum, and the evidence further showed without dispute that J. E. Odum had no interest in the property, and none was conveyed by the mortgage under which the defendant claimed. At the conclusion of the evidence, the court, at plaintiff's request, gave the affirmative charge in his favor.

[2] Appellee insists that, if error should be found in these several rulings of the court, it was error without injury, for the reason that the evidence shows without dispute that defendant had no title to the property. We cannot assent to this view, for the reason that it appears that defendant was in possession of the property acquired by him in a lawful manner, and the plaintiff, who has never had actual possession of the property, cannot recover as against such holder unless he can show that he has the legal title and the right to immediate possession. Hicks v. Meadows, 193 Ala. 246, 69 South. 432; Bolton v. Cuthbert, 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914.

[3] So the question is: Does the transfer of a chattel mortgage by delivery merely confer upon the holder thereof by such transfer the legal title to the mortgage property? It has been ruled that a chattel mortgage is within the purview of section 5158 of the Code of 1907, authorizing an assignment by indorsement thereon as effectual to authorize the transferee to sue in his own name. Smith v. Lusk, supra. It has also been held that, for the transfer of writings for the performance of other acts than the payment of money merely, an indorsement in writing is essential to pass the legal title, so as to authorize the transferee to sue in his own name. Phillips v. Sellers, 42 Ala. 658; Hicks v. Meadows, supra.

While an assignment or transfer of a chattel mortgage by parol and delivery passes the equitable title to the chattel, and authorizes the transferee to proceed in his own name in a court of equity, it does not pass the legal title, and he cannot maintain an action of detinue in his own name to recover the property on the strength of such title; but such transfer confers on such holder the right to sue at law in the name of the mortgagee. Hicks v. Meadows, supra; Crain v. Paine, 4 Cush. (Mass.) 483, 50 Am. Dec. 807; Graham & Rogers v. Newman, 21 Ala. 497; Fulgham v. Morris, 75 Ala. 245; L. & N. R. R. Co. v. Barkhouse, 100 Ala. 544, 13 South. 534; Zimmern's Coal Co. v. L. & N. R. R. Co., 6 Ala.

App. 475, 60 South. 598. On the other hand, if there is an assignment in writing indorsed on the mortgage, or by separate writing, the transferee must sue at law in his own name. Gafford v. Lofton, 94 Ala. 333, 10 South. 505; Clem v. Wise, 133 Ala. 403, 31 South. 986.

The court erred in overruling the defendant's objection to the evidence tending to show a parol transfer of the mortgage, and in overruling the defendant's motion to exclude such evidence and the mortgage, and also in giving the affirmative charge requested by the plaintiff.

Reversed and remanded.