(95 South. 911)

### KINNEY v. FOUST. (6 Div. 105.)

(Court of Appeals of Alabama. April 3, 1923.)

**1. Appeal and error ⬤═673(1)—Record held to show chattel mortgage delivered with indorsements thereon, did not include written transfer as required by Code.**

Where an agreed statement of facts speaks of a mortgage as having been "transferred or delivered," and as "delivered to K. with the indorsements thereon," the latter being a certificate filed under Acts 1919, p. 420, schedule 71, of Revenue Law, requiring a tax of 15 cents on each $100 of indebtedness secured, the remaining indorsement "transferred or delivered," being in the alternative, is no stronger than the weakest alternative, which is that it was delivered with the indorsements thereon, and does not show a written transfer or anything equivalent thereto, within Code 1907, § 5158, authorizing assignment by indorsement.

**2. Detinue ⬤═5—Legal title necessary to maintain action.**

Where plaintiff had no legal title to property involved in suit, an action for detinue cannot be maintained.

**3. Chattel mortgages ⬤═213—Mere delivery of mortgage insufficient to transfer title supporting detinue by assignee.**

In view of Code 1907, § 5158, making an assignment of a chattel mortgage by indorsement effectual to authorize the transferee to sue in his own name, mere delivery to an alleged transferee without written assignment is insufficient to pass legal title enabling him to maintain detinue for the mortgaged property.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action in detinue by E. C. Kinney against V. Foust. From a judgment for defendant, plaintiff appeals. Affirmed.

A. A. Griffith and Joel B. Brown, both of Cullman, for appellant.

A mortgage securing a negotiable note in the hands of an innocent purchaser is impressed with the same character and quality of right that a bona fide purchaser of the note could claim in an action at law upon the note. 204 Ala. 524, 86 South. 399; 202 Ala. 39, 79 South. 377; 117 Ala. 468, 23 South. 157; 109 Ala. 467, 19 South. 894; 201 Ala. 616, 79 South. 48.

Russell & Johnson, of Oneonta, for appellee.

The paper in question is uncertain as to time of maturity, in providing that, "whenever the payors deem themselves insecure, then this mortgage and the whole indebtedness secured thereby becomes due and payable at once," and is not negotiable. 163 Iowa, 205, 143 South. 556, Ann. Cas. 1916C, 498; Code 1907, § 4961; 3 R. C. L. 910; 8 C. J. 138.

SAMFORD, J. This is an action of detinue for the recovery of a mule. Girley & Son executed and delivered to Goddard Bros., Copeland & Head a note and chattel mortgage to secure an indebtedness of $750. This paper was dated March 30, 1920, and due October 1, 1920, and described and included one black mare mule, the subject of this suit. On or about May 1, 1920, the plaintiff paid to Goddard Bros., Copeland & Head "value for the mortgage," and the note and mortgage was delivered to plaintiff "with the indorsements thereon." The note and mortgage, being a promise to pay and a conveyance of personal property to secure payment, all in the same paper, and what is commonly called a "Bobtail Mortgage," was duly recorded in the office of the judge of probate of Blount county on the 3d day of April, 1920,

<hr>

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and was so indorsed by the probate judge. Besides this indorsement and the other formal indorsements usual to such papers appears the following:

"I hereby certify that the privilege tax required by law on the within mortgage has been paid by the lender or creditor,"

and signed by the payee, Goddard Bros., Copeland & Head. So far as appears from the record no other indorsement was on the mortgage at the time of its delivery to plaintiff:

The agreed statement of facts was as follows:

"In the above-styled cause it is agreed that the mortgage by Fred Girley and G. W. Girley to. Goddard Bros., Copeland & Head was delivered to E. C. Kinney with the indorsement thereon on or about May 1, 1920, that Fred Girley nor G. W. Girley had any notice of the transfer or delivery of the mortgage above referred to until October, 1920, and which was or purports to have been executed by said Fred Girley and G. W. Girley to Goddard Bros., Copeland & Head for the sum of $750 on the 30th day of March, 1920, and recorded in volume 92, at page 504, of Mortgage Records in the office of the judge of probate of Blount county, Ala., on the 3d day of April, 1920. It is further agreed that, before the purchase of the mule or mules described in the said mortgage by V. Foust from the said Fred Girley and G. W. Girley, the said payees named in said mortgage, Goddard Bros., Copeland & Head, authorized the said Fred Girley and G. W. Girley to trade or sell said mule or mules to defendant, V. Foust, and at a time when the said Fred Girley and G. W. Girley did not know that said note or mortgage had been transferred or delivered to plaintiff, E. C. Kinney, nor did the said Fred Girley and G. W. Girley know or have knowledge that the said mortgage did not belong to said Goddard Bros., Copeland & Head. The mortgage above referred to is hereto attached as an exhibit to this agreement. It is further agreed that the said V. Foust purchased the mule sued for in this cause from J. A. Head, who was a member of the firm of Goddard Bros., Copeland & Head, and not from the said Girleys, and after said mule had been delivered back to the payees in said mortgage in satisfaction of the said mortgage. It is further agreed that the plaintiff made demand upon the defendant for said mule before the commencement of this suit, which demand was refused. It is agreed that the value of the mule sued for was $225 at the time the defendant got it. It is further agreed that plaintiff paid value for the mortgage hereto attached before the due date of the same, and had no knowledge or notice of any infirmities in said paper. It is also agreed that defendant paid value for the mule sued for to the payees of said note at the time he bought said mule from said payees in said mortgage, and that he had no knowledge or notice of the transfer of said mortgage to the plaintiff, nor did he have knowledge of any facts which would put him on notice of said transfer or delivery of said mortgage. It is further agreed by the parties to this suit and their attorneys that this

cause be submitted to the court for decision without a jury, and the demand by the defendant for a jury to try this cause is hereby withdrawn. This the 10th day of April, 1922."

[1] The indorsement quoted above was a certificate filed in accordance with the requirements of schedule 71 of the Revenue Law (Acts 1919, p. 420), which provides for the payment of a tax of 15 cents per $100 on all indebtedness secured by mortgage and without which the paper could not have been received for record. This leaves the mortgage above referred to, and the basis of plaintiff's title to the property sued for, without any written transfer from the payees to the plaintiff.

We cannot look outside the record to ascertain the fact of additional indorsements, if such there were, on the mortgage at the time of trial, and there is nothing in the agreed statement of facts or in the judgment of the court to indicate that title to the property sued for was conceded to be in plaintiff. The agreed statement of facts speaks of the mortgage as having been "transferred or delivered," and at another place as "delivered to Kinney with the indorsements thereon." The statement, being in the alternative, is no stronger than the weakest alternative, which is that it was delivered with the indorsements thereon, and the indorsements as shown by the record do not include a written transfer or anything that is equivalent thereto. A chattel mortgage is within the purview of section 5158 of the Code of 1907, authorizing an assignment by indorsement thereon as effectual to authorize the transferee to sue in his own name. Smith v. Lusk, 119 Ala. 395, 24 South. 256; Sanders v. Rodgers, 16 Ala. App. 231, 77 South. 69; Phillips v. Sellers, 42 Ala. 658.

[2, 3] It appears from the record that plaintiff did not have the legal title to the property involved in the suit, and therefore could not maintain the action. Without passing on the other question involved, the judgment of the circuit court must be affirmed.

Affirmed.