Street, Bradford & Street, of Guntersville, for appellant.

Joseph P. Brown, of Boaz, for appellee.

Brief did not reach the Reporter.

(113 So. 473)

## ALBERTVILLE TRADING CO. v. BROOKS.
### (8 Div. 424.)

Court of Appeals of Alabama. June 30, 1927.

SAMFORD, J. The husband of plaintiff, J. T. Brooks, executed to Farmers' & Merchants' Bank on January 3, 1920, a note and mortgage to secure an indebtedness of $287.05; the mortgage included and conveyed the two mules, the subject of this suit; this note and mortgage was due and payable October 15, 1920, dated at Boaz, in Marshall county, and recorded January 5, 1920, in Dekalb county. The mules were in the possession of J. T. Brooks at the time he executed the mort-

gage. On June 6, 1920, J. T. Brooks executed a note, secured by a mortgage on the same mules, payable to Albertville Trading Company, for an amount stated as $150. This mortgage was recorded June 7, 1920, in Dekalb county. On June 11, 1921, J. T. Brooks executed a note and mortgage on the same mules to the National Bank of Boaz, the amount of this last note and mortgage being $100, which represented the balance due on the $287.05 note to the F. & M. Bank. This mortgage was also recorded in Dekalb county under date June 13, 1921. The note and mortgage to the F. & M. Bank and the National Bank of Boaz were on October 14, 1921, for value, transferred to Mrs. M. E. Brooks, the plaintiff here. The note and mortgage to the F. & M. Bank was transferred by National Bank of Boaz, successor to F. & M. Bank, and the note and mortgage to the National Bank of Boaz was transferred by it. Through these two mortgages plaintiff claims title and right of recovery. On all of the above mortgages there is noted at the bottom, "Dekalb County, Crossville, R. No. 3." It was shown by the evidence that the defendant seized the two mules described in all the mortgages, under a writ of detinue issued out of the circuit court of Marshall county, and after such seizure sold same and received the proceeds.

■■ The right of plaintiff to recover depends, in the first instance, on the validity of her title acquired through the transfer of the mortgage to the F. & M. Bank of date January 3, 1920. It will be noted that, in so far as this record discloses, the transfer of the note and mortgage from F. & M. Bank to National Bank of Boaz was by delivery merely, even presuming that it was delivered and for a valuable consideration. This would operate as an equitable assignment of the mortgage. First National Bank v. Sproull, 105 Ala. 275, 16 So. 879. Such equitable transfer would not pass the legal title to the property described in the mortgage so as to authorize action in trover or trespass in the transferee's name. Sanders v. Rogers, 16 Ala. App. 231, 77 So. 69; Lowery v. Haley, 12 Ala. App. 448, 68 So. 539; Graham v. Newman, 21 Ala. 497. The National Bank of Boaz having only an equitable title to the property described in the mortgage, its transfer to plaintiff could carry no better or greater title than it had. It will be noted that there is no count in the complaint claiming for a destruction of plaintiff's lien.

■■ There was no evidence of actual notice of plaintiff's lien on the part of defendant, and in order for defendant to have been charged with constructive notice, there must be proof of a compliance with section 6867 of the Code of 1923, requiring the recordation of certain instruments, etc. The mortgage was executed in Marshall county and recorded in Dekalb county. There is no evidence as to the residence of the grantor, or where the property was at the time of the execution of the mortgage. In order for the recordation of a paper to operate as notice, the statute authorizing recordation must be complied with. Code 1923, § 6860.

We may also say that this court is at a loss to know how the trial court arrived at the amount of $130 as being the amount of damages. There appears no evidence of this amount.

The question as to whether defendant was a partnership or a corporation will probably be correctly adjudicated on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.