(129 So. 53)

## SIMS v. UNITED AUTO SUPPLY CO.

### 4 Div. 504.

Supreme Court of Alabama.

June 14, 1930.

E. C. Boswell, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

FOSTER, J.

The plaintiff, appellee, · in an action of detinue for crops and other personalty, relied upon a mortgage executed by appellant to one A. C. Bryan, and indorsed in blank by him and delivered to plaintiff as collateral security for his debt· to it. The mortgage was in a short form, covering crops and stock, and the note was a part of the mortgage. The alleged assignment was a mere indorsement.

The sufficiency of the indorsement in blank of a chattel mortgage to justify such an action as this has been before the Supreme and appellate courts with more or less directness.

The assignment by indorsement of a *note* secured by a mortgage is an *equitable* assignment of the *mortgage*, and not sufficient to sustain an action by the assignee in which he must rely upon the legal title of the property. Graham v. Newman, 21 Ala. 497; Dumas v. Peoples' Bank, 146 Ala. 226, 40 So. 964. To support such an action at law the legal title must pass by an assignment of the mortgage itself. Authorities, supra. In order that the legal title may pass, the assignment must be in such form and so executed as to be sufficient to convey the title of the particular nature of property embraced in the mortgage, · for thereby the mortgagee is in effect conveying the title of such property by the assignment. Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Clem v. Wise, 133 Ala. 403, 31 So. 986.

The statutes therefore which control the conveyance of property likewise control the nature of the assignment of a mortgage of such property to transfer the title of it. Such statutes should be considered in connection with these governing the assignment of written contracts. Section 6838 and other related statutes control the execution of conveyances of real estate, and therefore apply to the assignment of mortgages of real estate as affecting the title acquired by the assignee. There are no statutes requiring any nature of formality in conveying personalty as affecting the rights of the seller and purchaser except that mortgages of personalty are re-

quired by the statute of frauds to be in writing and subscribed by the mortgagor. Section 8033. If the mortgagor can and does write his name, a witness is not necessary. Stewart v. Clemens, 220 Ala. 224, 124 So. 863.

Section 9231, Code, provides for the assignment by indorsement of all bonds, contracts, and writings for the payment of money or other thing or the performance of any act or duty so as to authorize an action thereon by each successive indorsee. Is a chattel mortgage one of the "bonds, contracts and (or) writings" mentioned in section 9231 as being assignable by indorsement, so that the assignee may maintain suit in his own name based upon the title so acquired? The Court of Appeals has held that section 9231 applies to the assignment of a chattel mortgage, and therefore that (though chattels may be conveyed verbally) the verbal assignment of a chattel mortgage with its delivery is not sufficient to pass the title because this statute requires an indorsement to have that effect. Sanders v. Rogers, 16 Ala. App. 231, 77 So. 69; Kinney v. Foust, 19 Ala. App. 183, 95 So. 911; Albertville Trading Co. v. Brooks, 22 Ala. App. 147, 113 So. 473.

And this court has held that the assignment of a chattel mortgage indorsed on it as follows: "The within mortgage is hereby transferred to R. H. G. for value received," passes the legal title of the property. Gafford v. Lofton, 94 Ala. 333, 10 So. 505.

We see no reason why section 9231 should not be so construed as to permit the assignment of a chattel mortgage by a blank indorsement so as to pass the legal title of the mortgage and chattels embraced in it to the assignee, as there is no other statute which requires more. We are aware of the fact that this result conflicts with the reasoning in the case of Lowery v. Haley, 12 Ala. App. 448, 68 So. 539. That was an action for conversion. But our conclusion is that the Court of Appeals did not in that case, as it did in later cases, to which we have referred, duly apply section 9231 to this situation, and therefore we cannot follow the reasoning in it.

We think, therefore, that the circuit court gave proper effect to the indorsement of the mortgage.

As between the mortgagor and mortgagee (or, we may add, one holding under the mortgagee), the description of the crop as set out in the mortgage in this case is not void for uncertainty. Avondale Mills v. Abbott Bros., 214 Ala. 368, 108 So. 31, and authorities there cited; Stewart v. Clemens, 220 Ala. 224, 124 So. 863.

The mortgage in question was dated January 5, 1927, and the suit was instituted December 28, 1927. The defendant testified: "I made a crop out there in 1927 and know the corn sued for in this case, I made it."

The court tried the case without a jury. From such evidence, the date of the mortgage the date when suit was begun, the trial in Geneva county, we cannot say that the court could not infer that the corn was raised by defendant in 1927 in Geneva county. Section 9008 therefore has application.

It is fully established by the decisions of the Supreme Court that, if at the time of the execution of a mortgage on crops to be raised in the future the mortgagor does not own nor has acquired any nature of contractual right to cultivate the land, such mortgage creates no lien on the crops grown on land subsequently acquired. Stewart v. Clemens, 220 Ala. 224, 124 So. 863; Avondale Mills v. Abbott Bros, 214 Ala. 368, 108 So. 31; Alexander v. Garland, 209 Ala. 267, 96 So. 138; Sellers & Orum Co. v. Hardaway, 188 Ala. 388, 66 So. 460; Windham & Co. v. Stephenson, 156 Ala. 341, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102. In those cases the suit was by the mortgagee against the purchaser of the mortgagor, and it was held that the burden in the first instance was on the mortgagee to show the interest of the mortgagor in the land when the mortgage was made. In cases between the mortgagee and mortgagor the question of the burden of proof did not enter into the discussion. White v. Kinney, 211 Ala. 624, 101 So. 426; Moring v. Helms, 210 Ala. 175, 97 So. 647.

When one executes a mortgage on personal property, he thereby represents to the mortgagee that he has an interest which is subject to the mortgage. A mortgagor, as a general rule, is estopped to deny the title of his mortgagee. Vary v. Smith, 162 Ala. 457, 50 So. 187; Strong v. Waddell, 56 Ala. 471; Jones v. Reese, 65 Ala. 134. So that, when the suit is between the mortgagee and mortgagor, plaintiff usually makes out his prima facie case as to title by showing that he acquired the title from defendant. Plaintiff is not aided by this doctrine of estoppel when the suit is with a third person. The estoppel effective between the mortgagor and mortgagee is not always conclusive, for it does not obtain when the defendant did not have the legal power to pass the title. A void deed cannot be made the basis of an estoppel. McIntosh v. Parker, 82 Ala. 238, 3 So. 19; Crosby v. Turner, 200 Ala. 189, 75 So. 937. On this principle he may show, to defeat the suit, that he had no interest in the land on which the crop was grown when the mortgage was made, for in that event he had no legal power to pass the title of crops subsequently grown on it. But, we think, the burden is properly on the mortgagor to make this proof when the suit is between him and the mortgagee or his assignee.

Our conclusion is that such burden was not upon the plaintiff in this cause, but it was defensive matter. In the absence of all proof

on the subject, therefore, the plaintiff must prevail on that question.

We are not persuaded that the court committed reversible error in rendering the judgment for plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.